UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

    Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

    Respondent.

Case No.  C06-5395RJB

REPORT AND RECOMMENDATION TO DENY IFP AND DISMISS THE PETITION WITHOUT LEAVE TO AMEND

**NOTED FOR:**
**September 29th, 2006**

    This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner attempts to file this action as a "Writ of Habeas Corpus." (Dkt. # 2). Petitioner is challenging his placement in the Intensive Management Unit, IMU, at the Washington State Corrections Center. (Dkt. # 2). He is not challenging his judgment or sentence. Petitioner asks for leave to proceed *in forma parueris*. (Dkt. # 1).

    The court began review of this action to determine if petitioner was entitled to proceed *in forma pauperis*. The court was aware that petitioner has filed prior habeas petitions. See, Chisom v.

REPORT AND RECOMMENDATION
Page - 1

1  Washington State, 2-CV-02048-TSZ; Chisom v. Washington State, 4-CV-02261-JCC-MJB; Chisom
2  v. Washington State, 5-CCV-01133-RSM-MAT; Chisom v. Washington State, 6-CV-00260JLR-
3  MJB.  The petition was considered on the merits to determine if the petition was a second or
4  successive petition that needed to be transferred to the Ninth Circuit.  The court has determined this
5  is not a second or successive petition.  The subject matter of the petition, however, is not properly
6  brought as a Habeas Corpus petition.

7       Petitioner challenges his placement in an Intensive Management Unit in this petition.  He is
8  not challenging his judgment or sentence.  Thus only his placement in an IMU, not his conviction, is
9  at issue.  That placement cannot be challenged in a habeas corpus petition.  Further, petitioner has
10 three prior strikes pursuant to 28 U. S.C. 1915 (g) and is not entitled to proceed *in forma pauperis*
11 in a Civil Rights Action unless he can show imminent threat of serious physical injury. See, Chisom
12 v. Larson, 97-CV-0420TSZ; Chisom v. Belshaw, 04-CV- 5318RBL; Chisom v. Callam Bay property
13 room, 04-CV-5585RBL; Chisom v. Clallam Bay mail room, 04-CV-5588RBL; and Chisom v.
14 Frazier, 05-CV-5327RBL.Thus, this action should not be converted to a Civil Rights Action.

15      The court recommends that the motion to proceed *in forma pauperis* be **DENIED**.  Further,
16 the court recommends that this petition be **DISMISSED WITHOUT LEAVE TO AMEND** as the
17 issue of classification or placement cannot be litigated habeas corpus.

18                                     FACTS

19      Petitioner filed a form petition that is essentially blank.  The only information provided in the
20 petition itself is his name, an address, and on page 14 a demand  "Release me from IMU
21 immediately."  (Dkt. # 2).

22      In his certificate of service he provides more information and alleges he is in IMU because he
23 will not participate in classes that were not court ordered.  He also alleges he received a "bogus" 6
24 month IMU program but has been held in IMU for 26 months.  (Dkt. # 2-2).  He further alleges he is
25 improperly in the IMU and wishes to contest information that he threatened a Community
26 Corrections Officer. (Dkt. # 2-2).  Plaintiff's final allegation is that he "was in the law library and the
27 unit staff called and said it was an emergency.  I returned and it wasn't no emergency.  I received a
28

REPORT AND RECOMMENDATION
Page - 2

threatening infraction once I addressed the situation." (Dkt. # 2-2, page 2 and 3). Plaintiff does not indicate if this is the threatening a Community Corrections Officer infraction or a separate threatening infraction.(Dkt. # 2-2).

## DISCUSSION

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

It is well established that an inmate has no right to be held at any particular prison, or at any particular level of custody. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Hewitt v. Helms, 459 U.S. 460 (1983). This is true even if the conditions of confinement change radically because of his transfer or placement. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Hewitt v. Helms, 459 U.S. 460 (1983). Thus, placement in an IMU does not violate a constitutional right.

Petitioner is not alleging he is "in custody in violation of the constitution or law or treaties of the Untied States." 28 U.S.C. § 2254(a)(1995). Petitioner is not challenging his conviction or sentence. This action does not sound in Habeas and should be dismissed. Further, the court should not consider converting this action to a civil rights action as plaintiff has on three or more occasions had cases dismissed and specifically counted as strikes pursuant to 28 U. S.C. § 1915 (g).

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which affects in forma pauperis applications brought by prisoners seeking relief under § 1983. The in forma pauperis statute now states:

> **(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be**

REPORT AND RECOMMENDATION
Page - 3

**granted, unless the prisoner is under imminent danger of serious physical injury.**

Plaintiff has five cases where the court specifically counted the dismissal as a strike.  Thus, he may not file this claim as a Civil Rights Action.  Amendment of the petition would be futile as (1) the action does not sound in habeas, and (2) for the reasons set forth above this action should not be converted to a civil rights action.

The application to proceed *in forma pauperis* should be **DENIED,** and the petition should simply be **DISMISSED WITHOUT LEAVE TO AMEND AS AMENDMENT WOULD BE FUTILE**.  a proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29th, 2006**, as noted in the caption.

DATED this 6th day of September, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge